NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUKAS SANJAYA LU; SHIERLY
WAHYUNI LIE,

                Petitioners,

   v.

MERRICK B. GARLAND, Attorney
General,

                Respondent.

No.   15-71347

Agency Nos.   A088-291-615
                   A099-884-012

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 30, 2021**

Before: GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Lukas Sanjaya Lu ("Lu") and Shierly Wahyuni Lie ("Lie"), natives and

citizens of Indonesia, petition for review of the Board of Immigration Appeals'

order dismissing their appeal from an immigration judge's decision denying their

---

      *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies in the record between Lu and Lie's versions of what happened during the May 1998 riot. *See id.* at 1044 (adverse credibility finding must be based on the totality of the circumstances); *Jiang v. Holder*, 754 F.3d 733, 738-39 (9th Cir. 2014) (substantial evidence review is a highly deferential standard). Additionally, Lie's declaration omitted significant information, such as her husband's purported 1998 assault and hospitalization. *See Zamanov v. Holder*, 649 F.3d 969, 972-74 (9th Cir. 2011) (omissions from asylum application supported adverse credibility determination). Lie's explanations do not compel a contrary conclusion. *See id.* at 974 (agency not required to accept explanations for inconsistencies). In the absence of credible testimony, the petitioners' asylum and withholding of removal claims fail. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of petitioners' CAT claims because they were based on the same evidence found not credible, and petitioners do not point to any other evidence in the record that compels the conclusion that it is more likely than not they would be tortured by or with the consent or acquiescence of the government if returned to Indonesia. *Shrestha*, 590 F.3d at 1048-49.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

15-71347